DARYISE L. EARL,

                Plaintiff,

v.                                                          Case No. 20-cv-617-pp

STEVE R. KINZIGER, ANGELO PANOS,
KWON YANG, and DOES 1 & 3–9,

                Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION
## (DKT. NO. 13)

On November 17, 2020, the court screened plaintiff Daryise L. Earl's amended complaint filed under 42 U.S.C. §1983 (dkt. no. 9); the court allowed him to proceed on Eighth Amendment claims against dentists Steve R. Kinziger, Angelo Panos and Kwon Yang and several Doe defendants, some of whom are alleged to be nurses or dental assistants. Dkt. No. 11. The court also permitted the plaintiff to proceed on state-law claims of negligence against other Doe defendants. Id. at 19–20. The court dismissed the Wisconsin Injured Patients and Families Compensation Fund because the fund "is not a proper defendant in a lawsuit under §1983." Id. at 20.

The plaintiff asks the court to reinstate the Wisconsin Injured Patients and Families Compensation Fund as a defendant. Dkt. No. 13. The plaintiff states that under state law, a claimant may sue a nurse's employer or the employer's insurer as a defendant. Id. at 1 (citing Wis. Stat. §655.23(5)). He asserts that because some of the Doe defendants are nurses, he should be able to sue the Fund as their employer's insurer. Id. at 1–2.

1

The plaintiff cites Reifschneider v. Grossman, No. 18-C-146, 2019 WL 1522065, at *1 (E.D. Wis. Apr. 8, 2019), and Kaiser v. Monroe Clinic, Inc., No. 19-CV-315-JDP, 2020 WL 4364179, at *4 (W.D. Wis. July 30, 2020), which support the proposition that a plaintiff may sue the Fund under Wisconsin law. See Kaiser, 2020 WL 4364179, at *4 (citing Wis. Stat. §655.27(5)) ("[A]s the Fund points out, it can be sued only under Wisconsin law."). As the court in Reifschneider explained, a plaintiff may recover damages from the Fund only if he has named the Fund as a party in the case. 2019 WL 1522065, at *1 (citing Wis. Stat. §§655.27(5)(a)(1)). But the Fund exists only "to pay the portion of a medical malpractice claim in excess of the $1 million dollar professional liability policy required for healthcare providers . . . under Chapter 655 [of the Wisconsin Statutes]." Id. (citing Wis. Stat. §§655.23, 655.27(1)).

The plaintiff seeks compensatory damages "jointly and severally, against each Defendant," of $1.2 million. Dkt. No. 1 at 11. If the plaintiff is successful on his state-law claims against the Doe defendants who are nurses, his damage award against each could be over the $1 million threshold. Therefore, although the Fund is not a "person" subject to suit under §1983, it may be sued on the state-law claims in the event the plaintiff is awarded damages in excess of the Doe defendants' insurance limit on those claims. See Walker v. Boughton, No. 18-CV-612, 2018 WL 4375201, at *8 (E.D. Wis. June 19, 2018), report and recommendation adopted sub nom. Walker v. McArdle, No. 18-C-612, 2018 WL 3546200 (E.D. Wis. July 24, 2018).[1]

---

[1] The court notes that the Fund may not be found independently liable to the plaintiff. Its liability "is derivative and depends on the liability of the insured"—Doe defendants 6 through 9. Geisel v. Odulio, 807 F. Supp. 500, 506 (W.D. Wis. 1992) (citing Tamminen v. Aetna Cas. & Sur. Co., 327 N.W.2d 55, 67 (Wis. 1982)).

Because the plaintiff has correctly pointed out that the Fund may be sued on the state-law claims, the court will grant the motion to reconsider.

The court **GRANTS** the plaintiff's letter motion asking the court to reconsider its decision dismissing the Wisconsin Injured Patients and Families Compensation Fund as a defendant. Dkt. No. 13. The court **DIRECTS** the Clerk of Court to add the Wisconsin Injured Patients and Families Compensation Fund to the docket as a defendant.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the amended complaint and this order on the Wisconsin Injured Patients and Families Compensation Fund under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** the Wisconsin Injured Patients and Families Compensation Fund to file a responsive pleading to the amended complaint.

Dated in Milwaukee, Wisconsin, this 23rd day of December, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
