UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

DARYISE L. EARL,

                          Plaintiff,

    v.                                                                               Case No. 20-cv-617-pp

STEVE R. KINZIGER, ANGELO PANOS,
KWON YANG, DOES 1 & 3–9, and
WISCONSIN INJURED PATIENTS AND
FAMILIES COMPENSATION FUND,

                          Defendants.
_____

**ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT COMPLAINT (DKT. NO. 29), GRANTING PLAINTIFF'S MOTION TO EXTEND DEADLINE TO IDENTIFY DOE DEFENDANTS (DKT. NO. 29) AND DENYING PLAINTIFF'S REQUEST TO ORDER DEFENDANTS TO RESPOND TO DISCOVERY REQUESTS (DKT. NO. 30)**
_____

       Plaintiff Daryise L. Earl, who is representing himself, is proceeding on federal and state law claims alleging that the defendants denied or delayed his dental treatment for a tooth extraction and filling for several months beginning in June 2018. Dkt. No. 11. Almost a year after filing his original complaint, and after the defendants have answered, the plaintiff has asked to supplement his complaint with "pertinent facts relevant to the continuation of the Defendants utter disregard to timely perform the dental procedural [sic] that was necessary to adequately treat his painful dental condition." Dkt. No. 29 at 1. The plaintiff reiterates facts alleged in his complaint: that dental staff at Kettle Moraine Correctional Institution discovered a cavity during a teeth cleaning on June 20, 2018, and that prison staff told him that they would treat "[o]nly emergencies

1

and essential procedures" during an outbreak of COVID-19 at the prison. Id. at 1–2. The plaintiff seeks to add new allegations that defendant Kwon Yang filled the plaintiff's cavity on February 1, 2021, after his tooth broke while he was eating. Id. at 2. He also wants to add an allegation that inmate Dustin Harwick received a tooth filling "to treat his painful tooth cavity" on September 15, 2020. Id. The plaintiff asserts that these new facts "further chronicle a standard of care that unreasonably continued to delay treatment which was indispensable to the Plaintiff's dental condition, while outright ignoring—for vindictive purposes—the circumstances surrounding his numerous complaints of suffering from a painful dental condition." Id. at 3.

Under Federal Rule of Civil Procedure 15(d), the court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The plaintiff is not entitled to supplement his pleading and to have the court's permission to do so. Guerra v. Brooks, No. 20-CV-748-PP, 2021 WL 321866, at *4 (E.D. Wis. Feb. 1, 2021) (citing Civil Local Rule 15(a) (E.D. Wis.)). The plaintiff "must file the whole complaint (with both the pre-original complaint and post-original complaint information in it) along with his request for leave to supplement." Id.

The plaintiff submitted his additional facts without attaching an entire, proposed supplemented complaint identifying his supplemental allegations. He failed to comply with the court's local rules for supplementing complaints. See Hinterberger v. City of Indianapolis, 966 F.3d 523, 528 (7th Cir. 2020)

2

("[D]istrict courts may require strict compliance with their local rules."); Smith v. Adams, 804 F. App'x 390, 391 (7th Cir. 2020) (same for *pro se* plaintiffs).

Even had the plaintiff complied with the court's local rules, the supplemental facts are not relevant to the claims on which he is proceeding in his amended complaint. He alleges that the defendants delayed and/or denied him routine dental treatment for a filling and tooth extraction. That the plaintiff received emergency treatment to extract a broken tooth in February 2021 is not relevant to whether the defendants delayed routine treatment years earlier. If anything, it confirms what the defendants told the plaintiff about how they were delaying non-emergency treatment during the COVID-19 pandemic. Whether another inmate received dental treatment before the plaintiff does not make it any more or less likely that the defendants knew about and disregarded the *plaintiff's* need for treatment. The court will deny the plaintiff's request to supplement the complaint with this information.

The court previously had instructed the plaintiff to use discovery to learn the names of the Doe defendants by April 26, 2021. Dkt. No. 11 at 24; Dkt. No. 28 at ¶1. The plaintiff asks that the court extend his deadline to identify the Doe defendants until after discovery is completed. Dkt. No. 29 at 1. He asks to delay identifying the Doe defendants "to prevent excessive litigation with the filing of more than one additional amended complaint." Id. at 3. But as noted above, the court is denying his motion to supplement his complaint. Nor must the plaintiff file an amended complaint after he identifies the Doe defendants. Once he learns their names, he must file **a motion to substitute** their names

for the Doe placeholders. Dkt. No. 28 at ¶1. The plaintiff offers no reason why he has not yet identified the Doe defendants. But because the April 26, 2021 deadline to identify the Doe defendants has come and gone and the plaintiff has been waiting for a ruling from the court, the court will grant the plaintiff an extension of time to identify the Doe defendants.

The plaintiff also filed a letter stating that he submitted discovery requests to the defendants on February 24, 2021. Dkt. No. 30. He asks the court "to require the Defendants to answer his discovery requests, pending the Court's determination of his supplemental motion." Id. The court ordered the parties to complete discovery by July 16, 2021. Dkt. No. 28 at ¶1.

To the extent the plaintiff wants the court to compel the defendants to respond to his discovery requests, the court will deny that request. Civil Local Rule 37 requires parties to attempt to work out a discovery dispute informally, among themselves, before involving the court. If that is unsuccessful, a party may file a motion to compel, but the motion must include a certification that the parties made a good-faith effort to resolve the dispute among themselves, without involving the court. Civil L. R. 37; Fed. R. Civ. P. 37(a)(1). This rule exists because when parties make a good-faith effort to discuss their differences and try to work with each other, they often are able to resolve their disputes themselves, which saves both the parties and the court time and resources.

The plaintiff's request to order the defendants to respond to his discovery requests does not comply with Civil L. R. 37 or Fed. R. Civ. P. 37. The plaintiff

4

does not say whether he has attempted to informally resolve his discovery issues with the defendants. Nor does he certify that he attempted to meet and confer with them about discovery issues before submitting his motion and letter. The court advises the plaintiff to be patient and to work with the defendants to identify the Doe defendants and to conduct discovery. Filing premature motions seeking court intervention will only delay this litigation.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to supplement his complaint. Dkt. No. 29.

The court **GRANTS** the plaintiff's request to extend his deadline to identify the Doe defendants. Dkt. No. 29. He must identify those defendants, or explain why he is unable to, by the end of the day on **May 14, 2021**. If the plaintiff does not file a motion asking to substitute the Doe defendants by the end of the day on May 14, 2021, the court will allow him to proceed only against the named defendants.

The court **DENIES** the plaintiff's request to order the defendants to respond to his discovery requests. Dkt. No. 30.

Dated in Milwaukee, Wisconsin this 27th day of April, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**