UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DARYISE L. EARL,

                            Plaintiff,

    v.                                         Case No. 20-cv-617-pp

STEVE R. KINZIGER, ANGELO PANOS,
KWON YANG, DOES 1 & 3–9, and
WISCONSIN INJURED PATIENTS AND
FAMILIES COMPENSATION FUND,

                            Defendants.

---

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 32), DENYING AS UNNECESSARY PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME (DKT. NO. 33), DENYING PLAINTIFF'S MOTION TO SUPPLEMENT HIS COMPLAINT (DKT. NO. 34), GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE PARTIES (DKT. NO. 35), DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DKT. NO. 36), GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO CONDUCT DISCOVERY (DKT. NO. 48), DENYING WITHOUT PREJUDICE PLAINTIFF'S SECOND MOTION FOR THE RECRUITMENT OF A NEUTRAL EXPERT (DKT. NO. 49) AND GRANTING MOTION TO EXTEND DEADLINE TO OPPOSE SUMMARY JUDGMENT (DKT. NO. 50)**

---

Plaintiff Daryise L. Earl has filed several motions in his pending civil rights. Dkt. Nos. 32–36, 48-50. This order addresses each of them.

**I.    Motion for Reconsideration (Dkt. No. 32) and Motion to Substitute (Dkt. No. 35)**

On April 27, 2021, the court granted the plaintiff's motion for an extension of time to identify the Doe defendants. Dkt. No. 31. The court ordered the plaintiff to identify the Doe defendants, or explain why he was unable to, by the end of the day on May 14, 2021. Id. at 5.

Three weeks later, the plaintiff filed a motion asking "that the Court reconsider the unreasonable expectation that has been placed upon him to identify the unidentified Defendants by May 14, 2021." Dkt. No. 32. The plaintiff asserted that the defendants had responded to his interrogatory requesting information identifying Doe Defendants 1, 3, 4 and 5 but not Doe defendants 6 through 9, against whom the court permitted him to proceed. Id. at 1 (citing Dkt. No. 11 at 14–15, 19–20). The plaintiff attached a page of the defendants' response to his interrogatories, which showed that the defendants provided the names of Doe defendants 1 and 3.[1] Dkt. No. 32-1. The plaintiff said that he was "currently attempting to amiably resolve" this issue with the defendants. Dkt. No. 32 at 2. But he asserted that he "cannot be held accountable for the untimely production of information that resides solely within the possession of Defendants who do not operate under any sense of urgency to respond to his request." Id. He asked the court to "set the filing deadline on [his] motion to substitute the Doe Defendants to be filed twenty (20) days after receipt of this information from the Defendants." Id.

Before the court had an opportunity to rule on the plaintiff's motion for reconsideration, he moved to substitute the names of all Doe defendants. Dkt. No. 35. He identifies Doe #1 as Marissa Shier, Does #3 and #5 as Angela Panos (against whom he already is proceeding in this lawsuit), Doe #4 as both Lori Doehling and Julie Ludwig, Does #6 through #8 as Kwon Yang (against whom

---

[1] The defendants may have provided the names for Doe defendants 4 and 5, but the plaintiff did not attach any page of the defendants' response where they provided that information.

2

he already is proceeding) and Doe #9 as Wisconsin's Self-Funded Property & Liability Program. Id. The court will grant the plaintiff's motion and order the clerk to substitute Marissa Shier, Lori Doehling, Julie Ludwig and Wisconsin's Self-Funded Property & Liability Program in place of the John and Jane Doe placeholders. Those defendants must respond to the amended complaint within sixty days. Because the plaintiff has identified the Doe defendants, the court will deny as moot his motion for reconsideration of the order to identify them.

## II.     Motions for Extension of Time (Dkt. Nos. 33, 50)

On May 11, 2021, the court received from the plaintiff a motion for an extension of time "to respond to defendants motion for summary judgement." Dkt. No. 33. At that time, the defendants had not filed a motion for summary judgment; the deadline for filing summary judgment motions is August 16, 2021. Dkt. No. 28. The court will deny the plaintiff's first motion for an extension of time because, at the time the plaintiff filed it, it was unnecessary.

Since then, on June 29, 2021, defendant Wisconsin Injured Patients and Families Compensation Fund moved for summary judgment. Dkt. No. 39. The court ordered the plaintiff to respond to that motion by July 29, 2021. Dkt. No. 46. On July 19, 2021, the court received the plaintiff's motion for an extension of that deadline. Dkt. No. 50. The plaintiff says that if the court grants his motion to extend the discovery deadline, he hopes that he would obtain information he needs to respond to the motion. Id. at 1-2. The court will grant the motion; it addresses the plaintiff's discovery motions below.

No other defendants yet have filed motions for summary judgment—again, the deadline does not expire for a few weeks.

### III. Motion to Supplement (Dkt. No. 34)

On June 7, 2021, the court received from the plaintiff a "motion in support of supplementing the plaintiff's facts and argument." Dkt. No. 34. Citing Federal Rule of Civil Procedure 15(d), the plaintiff argues that events that occurred after he filed the complaint (in April 2020) show "the continuation of a grave atrocity to pursue a course of non-treatment that negligently ignored the severity of [his] dental condition." Id. at 1. The plaintiff asserts that the prison resumed COVID-19-suspended dental procedures on September 11, 2020 and that he got his filling on February 1, 2021. Id. at 2. He says he needs to supplement the amended complaint to show the chronology of the defendants' awareness of his medical condition and the fact that they treated other inmates who had not persistently complained. Id. at 2–3.

The plaintiff previously asked the court to allow him to supplement his complaint with this same information. Dkt. No. 29. The court denied the plaintiff's request. Dkt. No. 31. The court explained that the plaintiff's request did not comply with the requirement of Civil Local Rule 15(a) (E.D. Wis.) that he "file the whole complaint (with both the pre-original complaint and post-original complaint information in it) along with his request for leave to supplement." Id. at 2 (quoting Guerra v. Brooks, No. 20-CV-748-PP, 2021 WL 321866, at *4 (E.D. Wis. Feb. 1, 2021)). The court also noted that even if the

4

plaintiff had complied with the court's local rules, "the supplemental facts are not relevant to the claims on which he is proceeding in his amended complaint." Id. at 3. The court explained that whether the plaintiff received emergency treatment in February 2021 is not relevant to his claim that the defendants denied him routine treatment in June 2018. Id. Nor is it relevant whether other inmates received dental treatment before him because that fact, even if true, "does not make it any more or less likely that the defendants knew about and disregarded the *plaintiff's* need for treatment." Id. (emphasis in original). Although the plaintiff's motion now complies with the local rules—he attached a proposed supplemental complaint at Dkt. No. 34-1—the court's legal conclusions have not changed. The additional information the plaintiff wants to add is not relevant to his claims in this lawsuit. For the same reasons previously explained, the court will deny the motion to supplement.

### IV. Motion to Compel (Dkt. No. 36) and Motion to Extend the Deadline to Conduct Discovery (Dkt. No. 48)

In its February 9, 2021 scheduling order, the court set the deadline for completing discovery at July 16, 2021. Dkt. No. 28.

On June 14, 2021, the court received from the plaintiff a motion to compel discovery. Dkt. No. 36. The plaintiff asks the court to order the defendants to provide him copies of memoranda, correspondences, emails, reports or notes related to disciplinary actions against any dental professional at Kettle Moraine Correctional Institution within the past seven years and copies of the defendants' dental or medical qualifications. Id. at 1–2. The plaintiff asserts that the disciplinary records are "pertinent to the obtainment

5

Case 2:20-cv-00617-PP    Filed 07/20/21    Page 5 of 12    Document 53

of all facts in connection with their history of malpractice/deliberate indifference towards prisoners' health care needs." Id. at 2. The plaintiff concedes that the defendants objected to his requests for these documents, but insists the documents are relevant and discoverable. Id. at 2–3. The defendants oppose the plaintiff's request. Dkt. No. 38. They maintain that the information the plaintiff seeks is not relevant to his claims regarding the denial of proper dental care and that he could use it to threaten or harass the defendants. Id. at 2–4.

The court previously denied the plaintiff's request to order the defendants to compel discovery materials because he did not certify that he attempted to meet and confer with the defendants to resolve the issue informally without the court's involvement. Dkt. No. 31 at 4–5 (citing Civil L. R. 37 & Fed. R. Civ. P. 37(a)(1)). Although the new motion notes that the plaintiff requested the information from the defendants before filing the motion, it does not include the certification required under the federal and local rules. The court could deny his motion on that basis alone.

But the court also agrees with the defendants that the information the plaintiff seeks is not admissible and not relevant to his claims in this lawsuit. The plaintiff seeks evidence of disciplinary actions against *any* dental professional at the prison within the last seven years. That could include information relating to dentists, dental assistants and hygienists no longer working at Kettle Moraine and those not named as defendants in this lawsuit. It also would include information related to the treatment of incarcerated

6

persons other than the plaintiff. Information about dental professionals not named as defendants, information about dental professionals who did not treat the plaintiff or were not responsible for his care and information about treatment of other incarcerated persons is not relevant to the claims in this case.

Nor are disciplinary records from the last seven years relevant to the plaintiff's claim that the defendants failed to provide him adequate dental care in June 2018 (three years ago). As the defendants assert, that information would serve as improper propensity evidence to show the defendants' character or character trait and that they "acted in accordance with that character or trait" when they treated the plaintiff. See Fed. R. Evid. 404. The plaintiff cannot introduce past discipline against a defendant because of his or her alleged treatment of another incarcerated person to suggest that they behaved similarly toward him in June 2018. Whether the defendants faced disciplinary action related to past treatment is not relevant to whether they were deliberately indifferent when they treated the plaintiff in June 2018. See Williams v. Syed, No. 16-CV-474-WMC, 2019 WL 1517753, at *3 (W.D. Wis. Apr. 8, 2019) (denying plaintiff's discovery request for medical professional's disciplinary records because those records "would not be relevant to [the plaintiff's] deliberate indifference and negligence claims against him"). The court will deny this request without prejudice because it is overbroad and seeks irrelevant information. If the case survives summary judgment, the

plaintiff may renew his request for disciplinary records related only to the defendants who remain, and the court will consider it at that time.

The plaintiff also seeks evidence of the defendants' dental or medical qualifications "or lack of." Dkt. No. 36 at 3. The defendants responded that doctors Panos, Kinziger and Yang "are all licensed dentists and their licenses are current and in good standing." Id.; Dkt. No. 38 at 2. The plaintiff does not explain what other evidence of the defendants' medical qualifications he seeks or how that information is relevant to his claims in this lawsuit. The defendants confirmed that Panos, Kinziger and Yang are licensed dentists and are therefore subject to the expectations of dental professionals. Their previous employment, alma maters or other qualifications are not relevant to the plaintiff's claims. The court will deny this request.

On July 16, 2021—the deadline for completing discovery—the court received from the plaintiff a motion to extend the discovery deadline for sixty days. Dkt. No. 48. The plaintiff first asserts that the defendants have "misidentified" Marissa Shier as Doe Defendant 1; he says that while Doe Defendant #1 was the person who scheduled inmate appointments, Marissa Shier was the dental hygienist who first assessed his teeth. Id. at 1-2. (The court is not clear as to what the plaintiff is asserting here; he himself has identified Shier as Doe Defendant #1. Dkt. No. 35.) More to the point, the plaintiff says that he has been able to submit only one set of discovery requests and that the defendants' discovery requires him to submit follow-up requests.

8

Id. at 2. He also says that he can't submit his additional discovery requests until the court resolves his motion to compel. Id.

The court has resolved the motion to compel. It will grant the plaintiff's request to extend the discovery deadline, so that he may serve limited follow-up discovery demands. The court advises the plaintiff to carefully tailor his discovery requests to the facts and time period of the claims in this case.

**V.  Second Motion for the Recruitment of a Neutral Expert (Dkt. No. 49)**

The same day the court received the plaintiff's complaint—April 16, 2020—it received a motion for a court-appointed expert. Dkt. no. 3. The plaintiff asked the court to "appoint an expert to instruct, the Court and all parties involved in this civil suit, in layman terminology the medical science pertaining to the effects caused when a dental abscess is left untreated." Id. at 3. The court denied that motion, explaining that it was premature. Dkt. No. 11 at 20. The court explained that while there might come a time where the plaintiff would need a medical expert to help the court or the jury understand the effect of delayed treatment of an abscess or some other dental issue, that time had not come; the parties had not conducted discovery or filed dispositive motions. Id.

On July 16, 2021—fourteen months later—the plaintiff filed this second motion asking the court to appoint a medical expert. Dkt. No. 49. He cites Dobbey v. Mitchell-Lawshea, 806 F.3d 938 (7th Cir. 2015), and asserts that because the court in that case suggested that the district court appoint an expert, it now should do so in his case. Id. at 1-2. In Dobbey, the district court

granted summary judgment in favor of the defendants; the Seventh Circuit concluded that it "failed to appreciate the gravity of a tooth abscess or attach sufficient weight to the slack response of prison staff to Dobbey's medical problem." Id. at 940. It explained that a "tooth abscess is not a simple toothache," and went into detail about the gravity of an abscess and what can happen if it is left untreated. Id. In remanding the case to the district court, the Seventh Circuit suggested that the district court appoint counsel for Dobbey and "perhaps exercise authority, conferred on [the district judge] by Fed. R. Evid. 706, to appoint a neutral witness to advise on the medical issues presented by the case." Id. at 941.

Fourteen months later, the plaintiff's motion is still premature. Only one defendant has filed a motion for summary judgment—the Wisconsin Injured Patients and Families Compensation Fund. Dkt. No. 39. The Fund has not argued that it was not deliberately indifferent to the plaintiff's serious medical need. It argues only that it does not provide coverage for state employee defendants in cases involving dental malpractice. Dkt. No. 40. The Fund's motion is solely based on statutory interpretation and the question of whether it is liable for coverage if any of the other defendants are found liable. Neither the plaintiff, the defendants nor the court need medical expertise or advice to decide a question of state statutory interpretation.

If any of the other defendants file a motion for summary judgment in which they argue that the court must find, as a matter of law, that they did not provide insufficient medical care to the plaintiff, the plaintiff may renew his

10

motion to appoint an expert and the court will consider it. Right now, there is nothing before the court with which a medical expert could assist.

## VI. Conclusion

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 32.

The court **DENIES AS UNNECESSARY** the plaintiff's motion for an extension of time to respond to the defendants' motion for summary judgment. Dkt. No. 33.

The court **DENIES** the plaintiff's motion to supplement his complaint. Dkt. No. 34.

The court **GRANTS** the plaintiff's motion to substitute the names of the defendants for the John or Jane Doe placeholders. Dkt. No. 35. The court **ORDERS** that the Clerk of Court **SUBSTITUTE** Marissa Shier, Lori Doehling, Julie Ludwig and Wisconsin's Self-Funded Property & Liability Program in place of the John and Jane Doe placeholders The court **ORDERS** that those defendants must respond to the amended complaint by the end of the day on **September 24, 2021**.

The court **DENIES** the plaintiff's motion to compel discovery. Dkt. No. 36.

The court **GRANTS** the plaintiff's motion for an extension of time to conduct discovery. Dkt. No. 48. The court **ORDERS** that the deadline by which parties must complete all discovery is **EXTENDED** to the end of the day on **December 17, 2021**. The court **ORDERS** that the deadline for parties to file dispositive motions is **EXTENDED** to **January 21, 2022**.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's second motion to appoint a neutral expert. Dkt. No. 49.

The court **GRANTS** the defendant's motion to extend the deadline for responding to the Wisconsin Injured Patients and Families Compensation Fund's motion for summary judgment. Dkt. No. 50. The court **ORDERS** that the plaintiff must file his opposition materials to the Fund's motion in time for the court to receive it by the end of the day on **August 27, 2021**.

Dated in Milwaukee, Wisconsin this 20th day of July, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**