UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARYISE L. EARL,

                Plaintiff,

v.                                          Case No. 20-cv-617-pp

STEVE R. KINZIGER, *et al.*,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL (DKT. NOS. 66, 69)**

      Plaintiff Daryise L. Earl, who is incarcerated at Kettle Moraine Correctional Institution, has filed two motions to compel discovery from the defendants. Dkt. Nos. 66, 69. The first motion asks the court to order the defendants to produce their responses to his second request for interrogatories and production of documents, which he says he served on July 29, 2021. Dkt. No. 66 at 1. He says that on September 8, 2021, after not receiving a response, he sent a letter to the defendants telling them he would seek court intervention "if [he] does not receive a response to his second set of discovery requests in seven (7) days." Id. The plaintiff asserts that he did not receive the responses, and he asks the court to order the defendants to produce them. Id. He asserts that "the Defendants were required to either file an answer or any objection within thirty (30) days of receipt of" his discovery requests and describes their failure to respond as a "callous disregard of the discovery deadline." Id. The plaintiff certifies under Federal Rule of Civil Procedure 37(a)(1) that he attempted to resolve the issue informally before seeking court intervention. Id. at 4.

The defendants responded, noting that the scheduling order the court issued gives parties *sixty* days to respond to discovery requests, not *thirty* as the plaintiff asserted. Dkt. No. 68 at 1–2 (citing Dkt. No. 28 at 1). The defendants note that the plaintiff's second set of discovery requests was postmarked August 2, 2021, and the defendants assert that they mailed their response sixty days later, on October 1, 2021. Id. at 2. They assert that they complied with the court's scheduling order, so the plaintiff's motion to compel is moot. Id. The plaintiff did not file a reply brief and has not disputed the accuracy of their response.

The plaintiff did, however, file a second motion to compel. Dkt. No. 69. In this motion, the plaintiff acknowledges that after he filed the prior motion to compel, he received the defendants' responses to his second set of discovery requests. Id. at 1. He asserts, however, that their responses to four of his interrogatories are incomplete. Id. at 2. The plaintiff included a copy of the interrogatories, all of which ask how long inmates had to wait for filling procedures between September 11, 2020, and February 1, 2021. Id. at 2, n.1. The interrogatories ask how many inmates had to await this treatment four months or longer, six months or longer, eight months or longer and one year or longer. Id. The plaintiff did not include a copy of the defendants' responses. But he says that the defendants objected to each of these four interrogatories on the grounds that they were "overly broad, unduly burdensome, and irrelevant to the claims at issue in this case." Id. at 2. The plaintiff says he attempted to resolve the issue with the defendants by sending a letter about their responses. Id. (citing Dkt. No. 67)[1]. The plaintiff alleges that in a letter dated October 21,

---

[1] On October 19, 2021, the court received from the plaintiff a letter to this effect. Dkt. No. 67. The letter contains the same four interrogatories listed in the plaintiff's second motion to compel. Id. at 1 n.1. It is dated October 14,

2021, the defendants responded by maintaining their previous objections and asserting that the information was irrelevant because it "regard[ed] other inmates' dental treatment, which is irrelevant to [the plaintiff's] claim that [he] did not receive timely dental care." Id. The plaintiff says that the defendants reiterated that requiring staff "to look in each individual inmate's record" to determine what amount of delay, if any, they faced would require "an amount of time that is disproportionate to the needs of this case." Id. at 3. The plaintiff asserts that this information is relevant to his state-law malpractice claim because it goes to whether "the Defendants [*sic*] negligent acts of malpractice . . . fell exceedingly below any recognizable standard of care." Id. The plaintiff asserts that "[o]ver the course of two and a half years, the Plaintiff's tooth deteriorated as a result of an untreated cavity; the Defendants were aware of this issue, yet repeatedly ignored the fact that when cavities are left untreated they will eventually become painful, and in some instances require extraction." Id.

For the purposes of discovery, parties need only disclose information "that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 37 allows a party to move for an order compelling discovery that he or she believes falls under Rule 26(b)(1) but has not been disclosed. Under Rule 37, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Like its federal counterpart, the court's Civil Local Rule 37 requires that "[a]ll

---

2021, is addressed to defense counsel and lists the court (and counsel for the Wisconsin Injured Patients and Families Compensation Fund) as a carbon-copy recipient. Id. at 1–2.

motions to compel disclosure or discovery pursuant to Fed. R. Civ. P. 26 through 37" include a certification that efforts to informally resolve the dispute failed. Civil L.R. 37 (E.D. Wis.). That certification "must recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." Id.

The plaintiff included with his motions certifications that he attempted to resolve the discovery issue with the defendants by writing letters to them about his discovery requests. Dkt. No. 66 at 4; Dkt. No. 69 at 8. The defendants do not contest that the plaintiff attempted to resolve the discovery issues informally before filing his motions. The court finds that the plaintiff's motions satisfy the certification requirement of Federal and Local Rules 37.

The court will deny the plaintiff's motions on their merits. The defendants argued that the plaintiff's first motion to compel was moot because they responded to his discovery requests within sixty days of receiving them, as the court's scheduling order requires. The plaintiff confirmed in his second motion to compel that he had received the defendants' responses. Dkt. No. 69 at 1. The court will deny the plaintiff's first motion to compel because the defendants timely responded and the plaintiff has the responses; the motion is moot.

The plaintiff's second motion to compel takes issue with the content of defendants' responses, rather than their alleged lack of a response. The plaintiff asked for information about the amount of time other inmates had to wait for dental filling procedures between September 2020 and February 2021. The court *twice* previously denied the plaintiff's motion to supplement his complaint with information related to other inmates' dental treatment between September 2020 and February 2021. See Dkt. No. 31 at 3; Dkt. No. 53 at 4–5.

The court explained that "whether other inmates received dental treatment before him" during that time period was not relevant to his claims "'that the defendants knew about and disregarded the *plaintiff's* need for treatment'" in June 2018. Dkt. No. 53 at 5 (quoting Dkt. No. 31 at 3 (emphasis in original)).

The same conclusion applies here. The court has allowed the plaintiff to proceed on a claim that between June 2018 and March 2020, the defendants were deliberately indifferent to his need for dental treatment when they delayed his receipt of that treatment. The plaintiff is not proceeding on claims related to any other inmate's dental treatment. He is proceeding on claims involving only *his own* dental treatment. The plaintiff claims that the delay in treatment that he experienced between June 2018 and March 2020 constituted deliberate indifference under federal law and malpractice under state law. Whether *other inmates* had to wait for dental treatment during a later period (between September 2020 and February 2021) *is not relevant* to the question whether the defendants knew about and disregarded *the plaintiff's* need for dental treatment *between June 2018 and March 2020*. Whether the defendants made other inmates wait for treatment (or did not make other inmates wait for treatment) does not make it any more or less likely that the defendants made *the plaintiff* wait for treatment. See Dkt. No. 31 at 3; Dkt. No. 53 at 5. It is even less relevant whether other inmates had to await treatment *after* the period of the alleged events underlying this lawsuit. Under Rule 26(b)(1), the defendants are not required to disclose the information the plaintiff seeks because it is not relevant to his claims.

Even if this information were relevant to the plaintiff's claims, the plaintiff's request is overly broad and would be unduly burdensome to fulfill. The plaintiff requests information pertaining to all incarcerated persons who

sought dental treatment during a five-month period. He wants the defendants to review the records of those persons for an entire calendar year and to identify how many had to wait at least four months and up to one year for fillings. As of Fiscal Year 2021, Kettle Moraine housed 1,064 incarcerated persons. See Kettle Moraine Correction Institution Fact Sheet (available at https://doc.wi.gov/DataResearch/DataAndReports/KMCIInstitutionalFactSheet.pdf). The plaintiff is asking the defendants to search the dental records of 1,063 other people to determine how many had to wait four, six, eight or twelve months for filling procedures. That is an unreasonable request and is not "proportional to the needs of" the plaintiff's claims that he received inadequate dental care at Kettle Moraine between June 2018 and March 2020. See Fed. R. Civ. P. 26(b)(1).

As the court has explained twice before, the plaintiff is not proceeding—and may not proceed—on claims involving his or other inmates' dental treatment in September 2020 through February 2021. His claims relate only to alleged delays in *his* dental treatment between June 2018 and March 2020. Dkt. No. 11 at 12–20. Information related to *any* inmate's dental treatment between September 2020 and February 2021, whether the plaintiff's or other inmates', *is not relevant* to the claims on which he is proceeding in this lawsuit. The court will not consider this information or allow the plaintiff to include it in this lawsuit, and it will not require the defendants to produce such information.

The court advises the plaintiff that continuing to demand information to which the court has concluded he is not entitled may be considered frivolous. The court has the authority to sanction frivolous filings when those filings needlessly delay litigation or needlessly waste the time of the defendants or the

court. The court advises the plaintiff that if he files further motions demanding the medical information of other inmates, he may be subject to such sanctions.

The court **DENIES** the plaintiff's motions to compel. Dkt. No. 66, 69.

Dated in Milwaukee, Wisconsin this 14th day of February, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**