UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DARYISE L. EARL,

                Plaintiff,

v.                                                   Case No. 20-cv-617-pp

STEVE R. KINZIGER, *et al.*,

                Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
(DKT. NO. 56)**

---

      Plaintiff Daryise L. Earl is proceeding on Eighth Amendment and state law claims against dentists, nurses and dental assistants related to allegedly delayed treatment of his abscessed tooth and cavity filling beginning in June 2018. Dkt. No. 11.

      On April 27, 2021, the court denied the plaintiff's motion to supplement his complaint with additional information about his dental filling. Dkt. No. 31. The plaintiff wanted to add allegations that dental staff filled his cavity in February 2021 and that other inmates received fillings before him. Id. at 1–2. The plaintiff asserted "that these new facts 'further chronicle a standard of care that unreasonably continued to delay treatment which was indispensable to the Plaintiff's dental condition, while outright ignoring—for vindictive purposes—the circumstances surrounding his numerous complaints of suffering from a painful dental condition.'" Id. at 2 (quoting Dkt. No. 29 at 3). The court explained that those supplemental facts were "not relevant to the claims on which he is proceeding in his amended complaint." Id. at 3. The court told the plaintiff that whether he received emergency treatment in

1

February 2021 "is not relevant to whether the defendants delayed routine treatment years earlier." Id. The court further explained that "[w]hether another inmate received dental treatment before the plaintiff does not make it any more or less likely that the defendants knew about and disregarded the *plaintiff's* need for treatment." Id. (emphasis in original).

The plaintiff appears to have been dissatisfied with the court's ruling because on June 7, 2021, the court received from him a request to supplement his amended complaint with the same information the court previously had rejected. Dkt. No. 32. The court again denied the plaintiff's request to supplement his complaint with this information. Dkt. No. 53 at 4–5. The court reiterated that "whether the plaintiff received emergency treatment in February 2021 is not relevant to his claim that the defendants denied him routine treatment in June 2018." Id. at 5. The court quoted its previous order and explained for the second time that it is not relevant "whether other inmates received dental treatment before [the plaintiff] because that fact, even if true, 'does not make it any more or less likely that the defendants knew about and disregarded the *plaintiff's* need for treatment.'" Id. (quoting Dkt. No. 31 at 3 (emphasis in original)). The court concluded, as it did in the previous order, that "[t]he additional information the plaintiff wants to add is not relevant to his claims in this lawsuit." Id.

The plaintiff since has filed a motion for reconsideration of the court's previous decision denying his second request to supplement his complaint with the same additional information. Dkt. No. 56. The motion reiterates the same allegations regarding his delayed treatment between the time he filed this lawsuit and February 2021. Id. at 1–3. He asserts, as he did in both his previous requests to add this information, that his proposed supplemental

2

Case 2:20-cv-00617-PP   Filed 02/14/22   Page 2 of 5   Document 79

facts show the defendants' "continuous negligent treatment" of his dental needs. Id. at 4.

For the same reasons the court has explained twice before, the court will not allow the plaintiff to supplement his complaint with these new allegations and will deny his motion for reconsideration of its previous decision. The court thoroughly explained in the two previous orders why the plaintiff's proposed supplemental facts are not relevant to the claims on which it allowed him to proceed in this lawsuit. Dkt. No. 31 at 3; Dkt. No. 53 at 4–5. The court will not explain a third time why this information is not relevant.

This is not the first time the court has denied the plaintiff's reiterated request for relief that the court previously denied. In the screening order, the court denied as premature the plaintiff's request to recruit a neutral expert to testify about the possible effects from an untreated dental abscess. Dkt. No. 11 at 20. The court explained that that information could be relevant if the case proceeds to trial, but that it was not necessary at that early stage of the litigation. Id.

On July 16, 2021, the plaintiff filed a second motion asking the court to appoint a medical expert. Dkt. No. 49. The court again denied the motion, explaining that it still was premature. Dkt. No. 53 at 10. The court explained that, at that time, only one party had moved for summary judgment. Id. That party, the Wisconsin Injured Patients and Families Compensation Fund, did not argue that it was not deliberately indifferent to the plaintiff's serious medical need—an issue for which a medical expert's testimony could be relevant or helpful. Id.; see Dkt. No. 39. The Fund instead based its motion "on statutory interpretation and the question of whether it is liable for coverage if any of the other defendants are found liable." Dkt. No. 53 at 10. Because

medical expertise was not needed to answer that question, the court again denied the plaintiff's motion. Id.

Despite the court twice informing the plaintiff that a medical expert was not yet needed, and specifically that one was not required to decide the Fund's motion for summary judgment, the plaintiff asked the court to stay a decision on the Fund's motion for summary judgment "until a standard of care has been established." Dkt. No. 57. On August 30, 2021, the court entered an order denying the plaintiff's motion "[f]or the reasons explained it its previous order." Dkt. No. 60 (citing Dkt. No. 53 at 9–10). The court explained, for a second time, that "the Fund argues only that it need not provide coverage for the defendants on the plaintiff's deliberate indifference claims against them, and does not question the merits of the plaintiff's claims that he was not provided appropriate dental care." Id. For that reason, "a medical expert's opinion is not needed for the court to decide the Fund's motion for summary judgment." Id.

The court twice denied the plaintiff's requests to supplement his complaint. The plaintiff has not demonstrated that those decisions were incorrect. He has presented the same arguments the court twice rejected for allowing him to supplement his complaint with the same information. This motion for reconsideration of the second of those orders is frivolous, just as his motion to stay adjudication of the Fund's motion for summary judgment was frivolous because the court already had explained why a medical expert was unnecessary to decide that motion. The motion to stay provided nothing new to suggest the court had gotten it wrong the first time.

The court advises the plaintiff that it may consider further repeat, frivolous motions to be an abuse of process. The court has the inherent power to sanction a party "for conduct which abuses the judicial process." Chambers

v. NASCO, Inc., 501 U.S. 32, 44–45, (1991). Before imposing sanctions, the court "must find that the party 'willfully abused the judicial process or otherwise conducted litigation in bad faith.'" Jackson v. Murphy, 468 F. App'x 616, 619–20 (7th Cir. 2012) (quoting Salmeron v. Enter. Recovery Sys., Inc., 579 F.3d 787, 793 (7th Cir. 2009)). The Court of Appeals for the Seventh Circuit has upheld sanctions up to and including dismissal of a lawsuit "where the plaintiff engaged in conduct such as . . . delaying litigation unnecessarily." Waivio v. Bd. of Trustees of Univ. of Ill. at Chi., 290 F. App'x 935, 937 (7th Cir. 2008) (citing Ladien v. Astrachan, 128 F.3d 1051, 1057 (7th Cir. 1997); Pyramid Energy, Ltd. v. Heyl & Patterson, Inc., 869 F.2d 1058, 1062 (7th Cir. 1989); Glick v. Gutbrod, 782 F.2d 754, 757 (7th Cir. 1986)).

At this point, the court will not find that the plaintiff *willfully* abused the judicial process and it will not impose sanctions at this time. But the plaintiff's repeated requests for the same relief have needlessly delayed this litigation. The court advises the plaintiff to stop filing frivolous motions and repeatedly asking for the same relief the court already has denied. If he continues this behavior, the court may conclude that the plaintiff's actions are willful and may exercise its authority to sanction the plaintiff.

The plaintiff's motion for reconsideration is **DENIED**. Dkt. No. 56.

Dated in Milwaukee, Wisconsin this 14th day of February, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**