UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DARYISE L. EARL,

                      Plaintiff,

v.                                     Case No. 20-cv-617-pp

STEVE R. KINZIGER, *et al.*,

                      Defendants.

---

**ORDER GRANTING DEFENDANT WISCONSIN INJURED PATIENTS AND FAMILIES COMPENSATION FUND'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 39), DISMISSING IT AS A DEFENDANT AND DENYYING AS MOOT THE PARTIES' JOINT MOTION TO DISMISS WISCONSIN INJURED PATIENTS AND FAMILIES COMPENSATION FUND (DKT. NO. 76)**

---

      Daryise L. Earl, who is incarcerated at Kettle Moraine Correctional Institution and who is representing himself, is proceeding under 42 U.S.C. §1983 on federal and state-law claims against dentists, dental hygienists and nurses at Kettle Moraine Correctional Institution. He also named as a defendant the Wisconsin Injured Patients and Families Compensation Fund ("the Fund"), asserting that it would pay damages on his state-law claims if those claims were successful. The Fund has moved for summary judgment. Dkt. No. 39. The plaintiff concedes that the Fund is entitled to judgment but opposes three of their proposed facts. Dkt. No. 63. The Fund is entitled to judgment as a matter of law; the court will grant summary judgment in its favor and dismiss the Fund as a defendant. The court will deny as moot the parties' subsequent joint motion to dismiss the fund. Dkt. No. 76.

## I. Facts

### A. Procedural Background

The plaintiff filed this lawsuit on April 16, 2020. Dkt. No. 1. Four months later, before the court had screened the original complaint, the plaintiff filed an amended complaint. Dkt. No. 9. The court screened the amended complaint and allowed the plaintiff to proceed under federal and state law against several known and unknown defendants for failing to treat his abscessed tooth. Dkt. No. 11. The court did not allow the plaintiff to proceed against the Fund. Id. at 20. The court speculated that it appeared the plaintiff had "named this fund as a defendant because he believes he must do so in order to receive damages if he prevails." Id. The court concluded that the Fund was not a proper defendant under §1983 and dismissed it. Id.

Two weeks later, the plaintiff moved for reconsideration and asked the court to reinstate the Fund as a defendant. Dkt. No. 13. The plaintiff noted that some of the defendants are nurses and asserted that, under state law, he could sue their employer or their employer's insurer. Id. at 1 (citing Wis. Stat. §655.23(5)). He cited cases supporting the proposition that under Chapter 655 of the Wisconsin Statutes, the Fund could be required to pay "'the portion of a medical malpractice claim in excess of the $1 million dollar professional liability policy required for healthcare providers.'" Id. at 2 (quoting Reifschneider v. Grossman, No. 18-C-146, 2019 WL 1522065, at *1 (E.D. Wis. Apr. 8, 2019); and citing Wis. Stat. §§655.23, 655.27(1)).

The court granted the plaintiff's motion and reinstated the Fund as a defendant. Dkt. No. 16. The court observed that the Reifschneider decision provided that a plaintiff could "recover damages from the Fund only if he ha[d] named the Fund as a party in the case" Id. at 2 (citing Reifschneider, 2019 WL

2

Case 2:20-cv-00617-PP   Filed 02/14/22   Page 2 of 11   Document 81

1522065, at *1; and Wis. Stat. §655.27(5)(a)(1)). The court noted that the plaintiff was suing for compensatory damages totaling $1.2 million. Id. The court concluded that, "[i]f the plaintiff is successful on his state-law claims against the Doe defendants who are nurses, his damage award against each could be over the $1 million threshold." Id. The court therefore agreed with the plaintiff that he could sue the Fund on his state-law claims "in the event the plaintiff is awarded damages in excess of the Doe defendants' insurance limit on those claims." Id.

By that time, the Department of Justice had accepted service on behalf of defendants Steven Kinziger, Angelo Panos and Kwon Yang—all of whom it determined to be state employees. Dkt. No. 15. On June 14, 2021, the plaintiff identified the unknown, Doe defendants as Marissa Shier,[1] Lori Doehling, Julie Ludwig and Wisconsin's Self-Funded Property and Liability Program. Dkt. No. 35. He also identified two of the Doe defendants as Panos and Yang, against whom the court already had allowed him to proceed. Id. The court granted the plaintiff's motion to substitute Shier, Doehling, Ludwig and Wisconsin's Self-Funded Property and Liability Program in place of the Doe placeholder. Dkt. No. 53 at 2–3.

On June 29, 2021, the Fund filed the instant motion for summary judgment. Dkt. No. 39. The court received the plaintiff's response on September 22, 2021 (and, for reasons not relevant, deemed it timely). Dkt. No. 63. The Fund filed its reply brief on September 27, 2021. Dkt. No. 65.

---

[1] The plaintiff since has filed a motion to substitute parties, indicating that Marissa Shier was incorrectly identified as one of the Doe defendants and asking the court to dismiss her and substitute the correct individual. Dkt. No. 72. The defendants have not responded to that motion; the court will address it separately.

On February 7, 2021, the parties filed a joint motion asking the court to dismiss the Fund. Dkt. No. 76. The motion indicated that the plaintiff no longer wished to pursue any claims against the Fund, that he had conceded that the Fund was entitled to summary judgment and that he did not wish to expend any more resources pursuing claims against the Fund (and that the court ought not have to expend its resources deciding the summary judgment motion). Id. at 1. By the time the court received this motion, it had substantially completed its ruling on the motion for summary judgment.

B.     Factual Background

All the defendants are state employees who worked at Kettle Moraine Correctional Institution during the period covered by the amended complaint (June 2018 to March 2020). Dkt. No. 44 at ¶¶18–19. Kinziger, Panos and Yang are dentists; Shier is a dental hygienist; and Doehling and Ludwig are registered nurses. Id. at ¶¶2, 9, 11, 13, 17. Kettle Moraine Correctional Institution is owned by the State of Wisconsin and governed by the Wisconsin Department of Corrections. Id. at ¶20.

Ana Lopera is a claims manager for the Fund and Wisconsin's Insurance Commissioner's Office. Dkt. No. 42 at ¶1. In her declaration supporting the Fund's summary judgment motion, she explains that the Fund provides coverage only to Chapter 655 providers who comply with Chapter 655 by obtaining $1 million in underlying liability insurance, or obtaining approval for self-insurance in that amount, and paying Fund fees. Id. at ¶8 (citing Wis. Stat. §§655.23(4) and 655.27(1) and (3)). Lopera avers that dentists, dental hygienists and registered nurses are not "health care providers" under the terms of Chapter 655 and thus are not required to comply with the provisions of Chapter 655. Id. at ¶5. She explains that dentists, dental hygienists and

4

registered nurses could be *employees of* a Chapter 655 health care provider. Id. at ¶6. But she clarifies that if the employer is a correctional facility, the *correctional facility* is exempt from Chapter 655. Id. She avers that the State of Wisconsin is not a health care provider under the terms of Chapter 655. Id. at ¶7 (citing Wis. Stat. §655.002).

Lopera avers that she checked the Office of the Commissioner of Insurance's list of Chapter 655 health care providers to determine whether any of the individual defendants were listed in the system as having complied with Chapter 655 or if they appeared in the system as Chapter 655 health care providers. Id. at ¶¶2–3.[2] Lopera avers that none of the defendants' names appeared as Chapter 655-compliant providers (which requires payment of Fund assessments and filing a certificate of insurance or self-insurance with the Insurance Commissioner's Office). Id. at ¶3. She also avers that none of the defendants appeared in the system as Chapter 655 health care providers. Id. She avers that Kettle Moraine Correctional Institution did not appear on the list as having complied with the provisions of Chapter 655 and was not listed as a Chapter 655 health care provider. Id. at ¶4.

Counsel for defendants Kinziger, Yang and Panos provided a declaration echoing much of what Lopera says. Dkt. No. 41. Counsel avers that none of the defendants complied with the requirements of Chapter 655 because none of them are "health care providers" under Chapter 655. Id. at ¶7 (citing Wis. Stat. §655.002). He says that, as a state-owned and -operated correctional facility,

---

[2] The database Lopera searched is accessible at https://ociaccess.oci.wi.gov/ipfcf-public/provider. It does not display a list of providers. It provides a field in which one can type the name, license number or city and the database will bring up a list of providers that match the search term. Lopera averred that she had searched the names of each individual defendant and Kettle Moraine Correctional Institution. Dkt. No. 42 at ¶¶3-4.

Kettle Moraine is a "public facility" under the terms of Wis. Stat. §655.003(2). Id. at ¶6. He avers that as such, Kettle Moraine is exempt from participating in Chapter 655 and that chapter's requirements. Id. He says Kettle Moraine did not comply with the requirements of Chapter 655 because it is exempt from doing so. Id. at ¶8 (citing Wis. Stat. §655.003(2)).

The Fund asserts in its proposed findings of fact that the plaintiff has not alleged malpractice claims against any of the defendants. Dkt. No. 44 at ¶23. It characterizes the plaintiff's claims as relating to dental care or to the management of the Health Services Unit, not to medical care. Id. at ¶¶15, 24.

The plaintiff concedes that the Fund's interpretation of the statute entitles the Fund to summary judgment. Dkt. No. 63 at 1. He disputes three of the Fund's proposed findings of fact. Id. First, he disagrees that his claims against the nurses related to the management of the Health Services Unit and not to medical care; he argues that his state-law claim against the nurses related to their failure to exercise ordinary care in delaying treatment for his dental issues. Id. at 3. Second, he disputes the Fund's assertion that he has stated no malpractice claims; the plaintiff argues that the claims in the amended complaint show a pattern of negligence and malpractice. Id. at 3-4. Third, the plaintiff disputes the Fund's assertion that his claims against the non-nurse defendants related to dental care and not medical care; he argues that there is no distinction between dental care and medical care and reiterates that he has shown a pattern of negligence and malpractice. Id. at 4.

**II. Discussion**

    A.    <u>Summary Judgment Standard</u>

A party is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and it is entitled to judgment as a

matter of law. Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are those that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id. Disputes about proposed facts "that are not outcome-determinative are not material and will not preclude summary judgment." Montgomery v. Am. Airlines, Inc., 626 F.3d 382, 389 (7th Cir. 2010).

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To survive a motion for summary judgment, a non-moving party must show that sufficient evidence exists to allow a jury to return a verdict in its favor. Brummett v. Sinclair Broad. Grp., Inc., 414 F.3d 686, 692 (7th Cir. 2005).

B. Analysis

The Fund asserts that Chapter 655 does not apply to any named defendant. Dkt. No. 40 at 6. The Fund says Chapter 655 applies only to "health care providers" as that chapter defines them, and the defendants do not meet that definition. Id. at 7. The Fund contends that the defendants are not employees of a health care provider because Kettle Moraine Correctional Institution and the Wisconsin Department of Corrections are exempt from Chapter 655, and the State of Wisconsin is not a Chapter 655 health care provider. Id. at 7–8. The Fund asserts that, because neither the defendants nor their employers are Chapter 655 health care providers, they need not (and have not) complied with the statute's requirements. Id. The Fund concludes that it

7
Case 2:20-cv-00617-PP   Filed 02/14/22   Page 7 of 11   Document 81

should not be a party to this lawsuit because, even if the plaintiff's state-law claims against the defendants are successful, it will not provide coverage for damages from those claims. Id. at 11.

The Fund provides a detailed background of Chapter 655, which the Wisconsin legislature created in 1975 as a statutory scheme in response to "a perceived medical malpractice crisis." Id. at 8 (underlining omitted) (citing Lund v. Kokemoor, 537 N.W.2d 21, 23 (1995)). It explains that the Fund "is a statutory entity, and not an insurance company," that exists to pay portions of medical malpractice claims asserted "'against health care providers that have complied with'" Chapter 655 "'and against employees of those health care providers.'" Id. at 9 (quoting Wis. Stat. §655.27). The Fund describes the statutory scheme of Chapter 655 as "complex" and says it was created "to protect Chap. 655 defined health care providers against too many lawsuits." Id.

A plaintiff seeking damages related to medical care services in Wisconsin against a health care provider (or an employee of a health care provider) "'may recover from the fund only if the health care provider or the employee of the health care provider has coverage under the fund.'" Reifschneider, 2019 WL 1522065, at *1 (quoting Wis. Stat. §655.27(5)(a)(1)).[3] To receive coverage from the Fund under Chapter 655, a "heath care provider" must comply with the provisions of Chapter 655, which includes having one million dollars of malpractice insurance and paying Fund fees. Dkt. No. 40 at 9–10 (citing Wis. Stat. §§655.23(3)(a) and 655.27(3)). The court therefore must determine

---

[3] The plaintiff also must name the Fund as a party in the lawsuit and bring the lawsuit against the Fund "within the same time limitation" as the lawsuit "against the health care provider or employee of the health care provider." Wis. Stat. §655.27(5)(a)(1). The plaintiff has satisfied these criteria because he timely brought this lawsuit against all defendants and named the Fund as a defendant.

whether the defendants are "health care providers" under Chapter 655. If the defendants are "health care providers" or employees of a "health care provider" under Chapter 655, then the Fund *may* provide coverage, if the provider has complied with the requirements of Chapter 655. If they are not, then the Fund does not provide coverage for medical malpractice claims asserted against them and is not a proper defendant in this lawsuit. Because the statutory scheme is "complex," as the Fund describes it, the court will strive to explain only those sections of Chapter 655 relevant to this inquiry.

The statute defines a "health care provider" as "a person to whom this chapter applies under s. 655.002(1) or a person who elects to be subject to this chapter under s. 655.002(2)." Wis. Stat. §655.001(8). These sections "consist[] of an exclusive list of persons and entities whose activities as health care providers are subject to medical malpractice law." Estate of Oros v. Divine Savior Healthcare Inc., 953 N.W.2d 914, 916 (Wis. Ct. App. 2020). Section 655.002 provides that Chapter 655 applies to physicians; nurse anesthetists; partnerships, corporations, organizations or associations of physicians or nurse anesthetists; ambulatory surgery centers; hospitals; and nursing homes that meet certain other requirements. Wis. Stat. §655.002(1). Chapter 655 does not apply to physicians or nurse anesthetists who are state, county or municipal employees. Wis. Stat. §655.003(1). Nor does it apply to facilities that are exempt under §50.39(3) or operated by any governmental agency. Wis. Stat. §655.003(2). Section 50.39(3) includes "correctional institutions governed by the department of corrections under s. 301.02." Wis. Stat. §50.39(3). Section 301.02 provides, in full, "The department shall maintain and govern the state correctional institutions." Wis. Stat. §301.02.

9

Case 2:20-cv-00617-PP    Filed 02/14/22    Page 9 of 11    Document 81

It is undisputed that the defendants are state employees and are neither physicians nor nurse anesthetists. Chapter 655 makes clear that, even if the defendants were physicians or nurse anesthetists, state employees are not "health care providers" as that statute defines it. Kettle Moraine Correctional and the Department of Corrections are exempt from Chapter 655 and need not comply with its requirements. Because the prison and the DOC are exempt from Chapter 655, the defendants are not employees of a health care provider. It also is undisputed that none of the defendants or their employer have complied with the requirements of Chapter 655. Because the defendants do not qualify for Fund coverage under Chapter 655, and because even if they could qualify they have not complied with the requirements of Chapter 655 to be entitled to coverage, the Fund will not provide coverage against the plaintiff's state-law claims. That means the plaintiff cannot recover damages against the Fund even if he succeeds on his state-law claims, so he did not need to name it as a defendant in this lawsuit. Because the Fund is not a proper defendant, the court will dismiss it from as a defendant.

The Fund alternatively asserts that it cannot be held liable because it provides coverage only for medical malpractice claims. Dkt. No. 40 at 11. The Fund argues that the plaintiff has not asserted any medical malpractice claims and characterizes his claims as related to dental care and management of the Health Services Unit. Id. The plaintiff contests this characterization. Dkt. No. 63. As discussed above, because the court concludes that the Fund is not a proper defendant in this lawsuit, it need not decide whether the plaintiff's claims are properly characterized as medical malpractice claims. Those claims are proceeding against the remaining defendants and will be addressed either by the court on summary judgment or by a jury at trial.

### III. Conclusion

The court **GRANTS** the Wisconsin Injured Patients and Families Compensation Fund's motion for summary judgment. Dkt. No. 39.

The court **ORDERS** that defendant Wisconsin Injured Patients and Families Compensation Fund is **DISMISSED** as a defendant.

The court **DENIES AS MOOT** the parties' joint motion to dismiss defendant Injured Patients and Families Compensation Fund. Dkt. No. 76.

Dated in Milwaukee, Wisconsin this 14th day of February, 2022.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**