DARYISE L. EARL,

      Plaintiff,

v.               Case No. 20-cv-617-pp

STEVE R. KINZIGER, *et al.*,

      Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME (DKT. NOS. 71, 82), GRANTING PLAINTIFF'S MOTON TO SUBSTITUTE PARTY (DKT. NO. 72) AND GRANTING DEFENDANTS' MOTION TO COMPEL AND STAY DISPOSITIVE MOTION DEADLINE (DKT. NO. 75)**

---

Daryise L. Earl, who is incarcerated at Kettle Moraine Correctional Institution and is representing himself, is proceeding under 42 U.S.C. §1983 on federal and state-law claims against dentists, dental hygienists and nurses at Kettle Moraine Correctional Institution. Pending before the court are the plaintiff's motions for an extension of time to conduct discovery, dkt. nos. 71, 82, the plaintiff's motion to substitute one of the defendants, dkt. no. 72, and the defendants' motion to compel the plaintiff to authorize the release of his medical records and to stay the dispositive motion deadline, dkt. no. 75.

**I. Motions for Extension of Time to Conduct Discovery
(Dkt. Nos. 71, 82)**

The plaintiff asks the court to extend the discovery deadline from December 17, 2021 to at least March 1, 2022.[1] Dkt. No. 71. He insists there

---

[1] The plaintiff's motion, filed in December 2021, asks to extend the discovery deadline "until March 1, 2021." Dkt. No. 71 at 2. The court presumes the plaintiff meant 2022.

are "several lingering discovery issues" that necessitate more time for discovery. Id. at 1. The plaintiff discusses two of those concerns. First, he says he's waiting for responses to his third set of interrogatories and requests for production, which he sent on October 14, 2021. Id. He says his unanswered requests "will lead to further information pertinent to the nature of the Plaintiff's claim." Id. Second, the plaintiff says he is awaiting the court's decision on his motion to compel the defendants to respond to his second set of discovery requests (Dkt. No. 69). Id. The plaintiff says the defendants addressed the concerns he had expressed in his other motion to compel (Dkt. No. 66), "so the Court can dismiss" that motion. Id. In his second motion, the plaintiff requests an additional sixty days from the date of this decision "to submit his final discovery request." Dkt. No. 82.

The court issued the scheduling order over a year ago—on February 9, 2021—and that order set the original deadline for completing discovery at July 16, 2021. Dkt. No. 28 at ¶1. At that deadline, the plaintiff asked the court to extend the time to conduct discovery because the defendants allegedly misidentified Doe Defendant #1 (the court addresses that contention below) and because he had been able to submit only one set of discovery requests. Dkt. No. 48. On July 20, 2021, the court granted the plaintiff's motion and extended the discovery deadline to December 17, 2021. Dkt. No. 53 at 8–9. The court explained that it was allowing the plaintiff additional time "so that he may serve *limited follow-up* discovery demands." Id. at 9 (emphasis added). The

2

Case 2:20-cv-00617-PP   Filed 05/25/22   Page 2 of 11   Document 83

court advised the plaintiff "to carefully tailor his discovery requests to the facts and time period of the claims in this case." Id.

The plaintiff says he served his *third* set of discovery requests on October 14, 2021. As stated in the Scheduling Order, the defendants' responses to those requests were due sixty days after service. See Dkt. No. 28 at ¶1. The court received the plaintiff's motion to extend the discovery deadline on December 17, 2021—the deadline for discovery under the July 20, 2021 order. The defendants did not respond to this motion, and the plaintiff did not tell the court whether he received the defendants' responses before he filed the motion or whether he has since received their responses. In the plaintiff's motion to substitute a defendant, however, he notes that on December 14, 2021, he received the defendants' responses to his third set of interrogatories. Dkt. No. 72 at 2. That means those responses are not a "lingering discovery issue[]" justifying another extension of the discovery deadline.

Nor do the plaintiff's motions to compel justify an extension of time because the court denied both motions. Dkt. No. 78. The court explained that the plaintiff's latest requests for additional information, like his previous requests, were unreasonable and sought information not relevant to the case. Id. at 6–7. The court advised the plaintiff "that continuing to demand information to which the court has concluded he is not entitled may be considered frivolous" and could result in sanctions for "needlessly delay[ing] litigation or needlessly wast[ing] the time of the defendants or the court." Id.

The plaintiff is not entitled to additional time to complete discovery. He has had nine months to request relevant information from the defendants, and his motion provides no reason why that has not been sufficient time to do so. The court has denied each of the plaintiff's three motions to compel additional information either because the defendants provided the requested information or because the plaintiff was requesting irrelevant information. Dkt. Nos. 53, 78 (denying Dkt. Nos. 36, 66, 69). The court also twice denied the plaintiff's motions to supplement his complaint with the same or similar irrelevant information. Dkt. No. 31, 53 (denying Dkt. Nos. 29, 34). The plaintiff's repeated motions seeking to compel or introduce additional, irrelevant information suggest that any further extension of the discovery deadline would only allow him to abuse the discovery process through additional frivolous requests. The court will deny his request for additional time to conduct discovery.

## II.     Motion to Substitute Defendant (Dkt. No. 72)

The plaintiff seeks to substitute defendant Marissa Shier with Jessica Bohn, a previously unidentified party that he says is the proper identity of Doe Defendant #1. Dkt. No. 72 at 2. The plaintiff says he learned that Bohn is the proper defendant, and that Shier is not, through the defendant's responses to his third set of interrogatories, which he received on December 14, 2021. Id. He attached a page from those responses, which shows that the defendants identified Bohn as "the dental assistant that assisted" with the extraction of the plaintiff's tooth on September 19, 2019. Id. at 6. The plaintiff says Bohn is a state employee who worked at Kettle Moraine during the time of the events

4

alleged in his amended complaint. Id. at 2. He notes that it "is unknown whether or not the Defendants intentionally or inadvertently misidentified Doe Defendant #1, but the fact still remains that Shier is not Doe Defendant #1." Id.[2] The plaintiff asks that Shier be dismissed as a defendant and be replaced with Bohn. Id. at 2–3. The defendants have not responded to this motion. Under Civil Local Rule 7(d) (E.D. Wis.), the defendants' failure to oppose the motion is sufficient cause for the court to grant it.

Given the defendants' December 14, 2021 response to the plaintiff's interrogatories, and their lack of opposition to the plaintiff's proposed substitution, the court will grant the plaintiff's motion and allow him to substitute Jessica Bohn in place of Marissa Shier. The court will dismiss Shier as a defendant. The court will order service on Bohn as described below and will allow her sixty (60) days to respond to the amended complaint.

## III. Motion to Compel Discovery and Stay the Dispositive Motion Deadline (Dkt. No. 75)

The defendants move for an order compelling the plaintiff to sign an authorization for release of his medical health records maintained by the Wisconsin Department of Corrections. Dkt. No. 75 at 1. They also ask the court to stay the January 21, 2022 dispositive motion deadline (which since has passed) for at least thirty days after the plaintiff signs and sends that authorization. Id. The plaintiff has not responded to the defendants' motion.

---

[2] The court previously noted that the plaintiff "himself has identified Shier as Doe Defendant #1." See Dkt. No. 53 at 8 (citing Dkt. No. 35).

The motion recounts in detail the efforts the defendants have made to get the plaintiff to sign releases for his medical records and the accommodations they have made to address his concern that the defendants will use that authorization to obtain his psychiatric records. Id. at ¶¶2–11. The defendants most recently sent the plaintiff a letter (their fifth) on September 16, 2021, requesting that he sign an enclosed Authorization and Informed Consent for the use and disclosure of his medical information. Id. at ¶10. The defendants explained that they needed his medical records to investigate the plaintiff's allegations in the amended complaint that he suffered various physical maladies before having his tooth extracted in 2019. Id. The defendants explained they would limit their request to January 1, 2019 through the present day and specifically "exclude any counseling, psychological, and/or psychiatric records, including psychotherapy notes of a health care provider that are separated from the rest of his health records." Id. The defendants attached a copy of their letter, which includes a blank release authorization form. Dkt. No. 75-7.

The plaintiff responded to the defendants' letter on September 29, 2021 and acknowledged their attempts to obtain his consent to access his medical records, but he refused to authorize the release of his records. Dkt. No. 75 at ¶11. The plaintiff stated that the defendants' requests for his medical records "failed to provide a logical explanation as to how Mr. Earl's juvenile records, or health care records . . . is material evidence that factor [*sic*] into their failure to timely provide treatment for his dental abscess and cavity." Dkt. No. 75-8 at 1–

6

2. The plaintiff insisted the information is "well outside of the scope of these civil proceedings" and refused to "grant the Defendants the authorization to freely roam through his confidential medical records that have absolutely *no* relevancy to the basis of this case." Id. (emphasis in original).

The defendants assert that without reviewing the plaintiff's medical records, they "cannot adequately address the numerous claims of deliberate indifference and negligence related to his health care and treatment." Dkt. No. 75 at ¶14. They ask the court to order the plaintiff to authorize the release of his health records from the Department of Corrections, and they seek a stay of the dispositive motion deadline for at least thirty days after receipt of those records. Id. at 6.

In his amended complaint, the plaintiff alleges that on September 9, 2019, he requested medical treatment for pain in his tooth, which had become infected. Dkt. No. 11 at 5–6 (citing Dkt. No. 1 at ¶25). He alleged that he experienced "sickly symptoms" before that date and believed he may have had stomach flu. Id. at 6 (citing Dkt. No. 1 at ¶31). He alleged that he continued experiencing these symptoms over the next few days, until prison dentists extracted his infected tooth on September 19, 2019. Id. at 6–9 (citing Dkt. No. 1 at ¶¶41–53). The plaintiff also alleged that the defendants failed to timely conduct a filling on another tooth, which led to additional pain between September 2019 and March 2020. Id. at 9–10 (citing Dkt. No. 1 at ¶¶54–68). The court allowed the plaintiff to proceed on claims that the defendants'

7

inadequate medical and dental treatment violated his rights under the Eighth Amendment and state law. Id. at 11–20.

Under Federal Rule of Civil Procedure 26, the defendants are entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The plaintiff's medical and dental records during the relevant period of the events alleged in the amended complaint fall squarely within that definition. The plaintiff is correct that he has a constitutional interest in protecting his medical records. See Chapman v. Frank, No. 05-C-1254, 2007 WL 2220266, at *6 (E.D. Wis. Aug. 1, 2007) (citing Whalen v. Roe, 429 U.S. 589 (1977)). But he "waived this interest when he filed suit alleging that defendant[s were] deliberately indifferent to his medical condition." Id. (citing cases).

If the plaintiff wishes to proceed in this lawsuit, he must authorize the defendants to review his medical and dental records during the time of the events alleged in the amended complaint. The defendants have agreed to accommodate the plaintiff's concerns about his psychiatric records by limiting the information they will obtain and review. The court will impose the same limitation and allow the defendants to obtain and review the plaintiff's relevant medical and dental records only. The court will limit the defendants' review to records pertaining only to the time of the events described in the amended complaint. That means the plaintiff's "juvenile records" and psychiatric records for any period need not be made available to the defendants. If the plaintiff chooses to proceed in this lawsuit and timely provides to the defendants a

signed authorization for the release of his medical records, the defendants must notify the court when they have received those records. The court will then set a new deadline for the parties to file dispositive motions.

The court anticipates that the plaintiff may continue to insist that his medical and dental records are not relevant to this lawsuit. If he does so, and if he continues to refuse the defendants access to those records, the court will not allow him to pursue this case against the defendants for providing allegedly inadequate medical or dental care. See Davis v. Berge, No. 01-C-265-C, 2002 WL 32340879, at *15 (W.D. Wis. July 15, 2002) ("[P]laintiff may not have it both ways."). The plaintiff's refusal to authorize the release of his relevant medical and dental health records to the defendants is grounds for the court to dismiss the case. See Daggett v. Wollangk, 189 F. App'x 504, 506 (7th Cir. 2006) (affirming district court's dismissal of *pro se* prisoner's §1983 lawsuit because he failed to authorize release of his medical records or submit to a medical exam); Davis, 2002 WL 32340879, at *15–*16 (explaining that *pro se* plaintiff could not proceed on Eighth Amendment claims unless he provided defendants' counsel a signed authorization for the release of his medical records).

If the plaintiff fails to respond to this order by the deadline the court sets below, either by maintaining that he will not authorize the release of his medical records or by providing the defendants a signed authorization, the court will dismiss this lawsuit for the plaintiff's failure to prosecute. See Fed. R. Civ. P. 41(b) (providing that a district court may dismiss an action where "the

9

plaintiff fails to prosecute or to comply with these rules or a court order," and that dismissal "operates as an adjudication on the merits"); Civil L.R. 41(c) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action and Civil L. R. 41(a) or (b) does not apply, the Court may enter an order of dismissal with or without prejudice."). The fact that the plaintiff is representing himself does not excuse him from complying with the federal or local rules. See Smith v. Adams, 804 F. App'x 390, 391 (7th Cir. 2020).

## IV.    Conclusion

The court **DENIES** the plaintiff's requests for additional time to conduct discovery. Dkt. Nos. 71, 82.

The court **GRANTS** the plaintiff's motion to substitute party, dkt. no. 72, **DIRECTS** the Clerk of Court to **SUBSTITUTE** Jessica Bohn for Marissa Shier and **DISMISSES** defendant Shier.

Under an informal service agreement between the Wisconsin Department of Justice and the court, the court will electronically transmit a copy of the amended complaint and this order to the Wisconsin Department of Justice for service on defendant Jessica Bohn. Under the informal service agreement, the court **ORDERS** Bohn to respond to the amended complaint within 60 days.

The court **GRANTS** the defendants' motion to compel and to stay the deadline for dispositive motions. Dkt. No. 75. The court temporarily **STAYS** the dispositive motion deadline.

The court **ORDERS** that, if the plaintiff wishes to proceed in this lawsuit, he must sign and return to the defendants an authorization for release of his medical records **by the end of the day on June 24, 2022**. If the plaintiff refuses to authorize release of his medical records or fails to comply with this order **by the end of the day on June 24, 2022**, the court will dismiss his case.

The court **ORDERS** that the defendants must notify the court when they have received the plaintiff's medical records. The court then will set a new deadline for the parties to file dispositive motions. That deadline will accommodate the addition of defendant Bohn.

Dated in Milwaukee, Wisconsin this 25th day of May, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**