UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARYISE L. EARL,

                Plaintiff,

v.                                             Case No. 20-cv-617-pp

STEVE R. KINZIGER, *et al.*,

                Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS (DKT. NO. 87) AND DENYING AS UNNECESSARY PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 90)

On May 25, 2022, the court granted the defendants' motion to compel plaintiff Daryise L. Earl to sign an authorization for release of his medical records and to stay the January 21, 2022 dispositive motion deadline. Dkt. No. 83. The court ordered that by the end of the day on June 24, 2022, the plaintiff must sign and return to defense counsel an authorization for release of his medical records. Id. at 11. The court noted that the defendants had agreed to limit the information they would request and review to exclude any juvenile or psychiatric records because those records were not relevant to this case. Id. at 8. The court advised the plaintiff that if he failed to provide the signed medical authorization by the June 24, 2022 deadline, the court would dismiss the lawsuit for failure to prosecute. Id. at 9–10.

On June 21, 2022, the court received from the plaintiff a motion for sanctions against the defendants. Dkt. No. 87. He asserts that the defendants

violated the court's previous order by sending him a medical authorization form requesting his medical and psychiatric records. Id. at 2–3. He attached a copy of the authorization form the defendants sent him, which seeks authorization of the release of records "that relate to [the signee's] physical or mental condition." Id. at 3, 7. The plaintiff asserts that defense counsel "knew, or should have known, that a request for medical records pertaining to the Plaintiff's 'mental condition' is essentially a request to gain access to his psychiatric records." Id. at 3. The plaintiff asks the court to impose a sanction of $1,000 for "the Defendants' brazen violation of the Court's order." Id.

On June 22, 2022, the court received a copy of a June 21, 2022 letter from defense counsel to the plaintiff, responding to the plaintiff's allegation. Dkt. No. 88. Counsel clarified that the defendants "have no interest or intention of requesting [the plaintiff's] psychiatric records, and the inclusion of the word 'mental' was unintentional." Id. at 1. Counsel attached a corrected authorization form that does not include the word "mental" and asked that the plaintiff sign and return the corrected form by the June 24, 2022 deadline. Id. at 2–3.

On that same date—June 22, 2022—the defendants separately filed a signed and dated copy of the corrected authorization form, demonstrating that the plaintiff had signed and returned it. Dkt. No. 89.

On June 24, 2022, however, the court received a motion from the plaintiff requesting an extension of the June 24, 2022 deadline. Dkt. No. 90. The motion said that the plaintiff had been working with his institution (Kettle

Moraine Correctional Institution) to create a consent form "that would essentially allow the Defendants to obtain copies of his non-dental medical records that could be potentially relevant to their defense." Id. at 2. He attached a health service request form he had sent to the Health Services Unit at Kettle Moraine on April 27, 2022, requesting "to authorize the release of some of [his] medical records." Dkt. No. 90-1. The plaintiff noted that he "need[s] to know how these records are categorized to ensure that only the requested records are released." Id. A registered nurse responded to the plaintiff's request on April 28, 2022, stating that she had forwarded the request "to MPAA." Id. The plaintiff says that, as of June 20, 2022, he had not yet received a response to his request. Dkt. No. 90 at 2. He asks for an extension through July 5, 2022, "to contact KMCI's Health Service Manager about expediting the release of the medical records that were described in the Court's order." Id. Since then, the plaintiff has not advised the court of the status of his request.

The court will deny the plaintiff's motions. The plaintiff requested sanctions based on what he characterized as a "brazen violation" of the court's previous order. That "brazen violation" was a single mistaken word in the authorization form, which requested the plaintiff's records related to his "physical or *mental* condition." Dkt. No. 87 at 7 (emphasis added). The plaintiff knew from the court's previous order that the defendants were requesting only his medical records, and he did not need to authorize the release of his psychiatric or "mental" records. Instead of notifying *the defendants* of this error

by letter or a phone call to their attorney, the plaintiff waited until only days before the June 24, 2022 deadline to inform *the court* that he believed the defendants were requesting unauthorized information and to request that the court sanction the defendants. The defendants immediately clarified that they were not seeking unauthorized information and that they had included the word "mental" in the authorization form by mistake. The defendants corrected the mistake and immediately sent a corrected authorization form to the plaintiff, which he has signed and returned to them.

The court has "inherent authority to sanction litigants for abuse of process, up to and including dismissing the lawsuit." Waivio v. Bd. of Trustees of Univ. of Ill. at Chi., 290 F. App'x 935, 937 (7th Cir. 2008). The severity of any sanction "should be proportionate to the gravity of the offense." Id. (citing Allen v. Chi. Transit Auth., 317 F.3d 696, 703 (7th Cir. 2003)). In determining an appropriate sanction, the court must consider "the extent of the misconduct, the ineffectiveness of lesser sanctions, the harm from the misconduct, and the weakness of the case." Donelson v. Hardy, 931 F.3d 565, 569 (7th Cir. 2019) (citing cases).

The plaintiff's motion and the defendants' letter in response demonstrate that there was no abuse of process, no misconduct and no harm. There was only an honest error that the defendants immediately corrected after the plaintiff identified it. The court has no reason to believe the defendants would not have corrected the error sooner if the plaintiff had notified *them* of it first. The plaintiff's reaction (by alleging bad faith and demanding that the court

4

impose sanctions) is characteristic of the way he has approached the litigation generally: he has alleged that he was provided inadequate medical treatment but refused to allow the defendants to review his medical records to form their defense to those accusations. As the court previously noted, the plaintiff "may not have it both ways." Dkt. No. 83 at 9 (quoting Davis v. Berge, No. 01-C-265-C, 2002 WL 32340879, at *15 (W.D. Wis. July 15, 2002)). The plaintiff's request for sanctions is frivolous, and the court will deny the motion.

The court also will deny the plaintiff's motion for an extension of time because it is unnecessary. The plaintiff requests additional time to present *his own authorization* to release what he believes to be the necessary medical records. The court did not order the plaintiff to work with his prison to release his self-selected medical records. The court has received a copy of the corrected authorization form signed and dated by the plaintiff. In a letter dated August 4, 2022, the defendants report that they since have received the plaintiff's medical records from Kettle Moraine. Dkt. No. 93. Unless the defendants advise the court that they need additional records, there is no reason for the plaintiff to work with the institution to create a release form.

So—where does that leave this case? A *long* time ago, the court issued a scheduling order setting a deadline of July 16, 2021 for completing discovery and August 16, 2021 for filing summary judgment motions. Dkt. No. 28. On July 20, 2021, the court extended those deadlines at the plaintiff's request, setting a deadline of December 17, 2021 for the completion of discovery and January 21, 2022 for filing dispositive motions. Dkt. No. 53 at 11. The plaintiff

5

asked the court to extend the December 17, 2021 discovery deadline. Dkt. No. 71. When the defendants were forced on January 19, 2022 to file a motion to compel the plaintiff to sign a release for the medical records, they asked the court to stay the January 2022 dispositive motions deadline. Dkt. No. 75. On May 25, 2022, the court denied the plaintiff's motion, dkt. no. 83 at 1-4, but granted the defendants' motion and temporarily stayed the dispositive motions deadline so that the defendants could obtain the plaintiff's medical records, dkt. no. 83 at 8-9. It would appear, then, that the next step would be for the court to set a new dispositive motions deadline.

But there is one other hiccup. In his August 19, 2020 and November 17, 2020 amended complaints, the plaintiff named as a defendant the Wisconsin Injured Patients and Families Compensation Fund. Dkt. Nos. 9, 17.

On June 14, 2021, the plaintiff filed a motion asking to substitute the correct names for individuals or entities whom he'd identified in the amended complaints as "Doe" defendants. Dkt. No. 35. He asked to substitute for Doe defendant #9 Wisconsin's Self-Funded Property & Liability Program. Id. The court granted that motion in July 2021, dkt. no. 53, and the clerk's office added Wisconsin's Self-Funded Property & Liability Program as a defendant. But while counsel filed notices of appearance for the other Doe defendants the plaintiff had identified, no one ever appeared for Wisconsin's Self-Funded Property & Liability Program.

On June 29, 2021, the Wisconsin Injured Patients and Families Compensation Fund filed for summary judgment, dkt. no. 39, and on February

7, 2022, the parties jointly asked the court to dismiss the fund as a defendant, dkt. no. 76. On February 14, 2022, the court dismissed the Wisconsin Injured Patients and Families Compensation Fund. Dkt. No. 81. A few months later, however, the court realized that it never had asked the U.S. Marshals Service to serve the other organizational defendant the plaintiff had named—Wisconsin's Self-Funded Property & Liability Program. On May 27, 2022, the clerk's office forwarded the summons and complaint to the Marshals Service so that it could try to serve this entity. Dkt. No. 86. The Marshals Service has been unable to locate an entity by that name or a person upon whom to serve the summons and complaint on behalf of that entity.

It makes little sense for the court to set a new dispositive motions deadline if there is a party that has not yet been served, but neither the court nor the Marshals Service have been able to find an entity called Wisconsin's Self-Funded Property & Liability Program. The court will require the plaintiff to provide as much information as he has about this program—how he found out about it, what he believes that it does, where he believes it is located, etc. If the court is able to find someone for the Marshals Service to serve, it will ask the USMS to do so and will set a dispositive motion briefing schedule after the party has been served. If the plaintiff is unable to provide sufficient identifying information for this entity, the court will dismiss it as a defendant and then set a dispositive motion briefing schedule for the remaining defendants.

The court **DENIES** the plaintiff's motion for sanctions. Dkt. No. 87.

7
Case 2:20-cv-00617-PP   Filed 08/12/22   Page 7 of 8   Document 94

The court **DENIES** the plaintiff's motion for an extension of time because it is unnecessary. Dkt. No. 90.

The court **ORDERS** that if the plaintiff wishes to proceed against Wisconsin's Self-Funded Property & Liability Program, then by the end of the day on **August 26, 2022**, the plaintiff must provide the court with as much identifying information as possible about this organization. The plaintiff must provide this information in time for the court to *receive* it by the end of the day on August 26, 2022. If the court does not receive sufficient identifying information for this defendant by the end of the day on August 26, 2022, or if the plaintiff notifies the court that he cannot find any information or that he does not wish to proceed against this defendant, the court will dismiss this defendant and set a dispositive motion briefing schedule as to the remaining defendants.

Dated in Milwaukee, Wisconsin this 12th day of August, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

8
Case 2:20-cv-00617-PP  Filed 08/12/22  Page 8 of 8  Document 94